UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In Re: |
|---|
| **RENEE MASLIKHOV** |
| Debtor. |

Chapter 11

Case No. 19-42688 (CEC)

**CERTIFICATION IN SUPPORT OF
MOTION TO DISMISS**

I, Noah Bohbot, declare under penalty of perjury as follows:

1. I am the President of Standard Oil Credit Holding Group, LLC and I am authorized to sign this certification on behalf of Standard Oil Credit Holding Group, LLC ("Movant" or "Secured Creditor"). I make this Certification in support of the within motion to dismiss based upon information and belief as a result of my review of the records of the Secured Creditor and copies of the original documents in the Movant's files.

2. The Secured Creditor is the holder of a mortgage encumbering the debtor's property commonly known as 328 Jefferson Avenue, Brooklyn, NY (the "Property").

3. Prior to the filing of the Debtor's above captioned case, the Debtor filed a Chapter 13 bankruptcy on December 13, 2017 bearing case number 17-46412. (*See* Docket #1). The Debtor's Chapter 13 was dismissed on November 19, 2018 as a result of an unopposed Motion to Dismiss filed by the Standing Chapter 13 Trustee. (*See* Docket # 85).

4. On May 16, 2019, 163 days after the dismissal of the Debtor's Chapter 13 Case, the Debtor filed the immediate Chapter 11 petition bearing the above caption.

5. 11 U.S.C § 109 (g) prohibits an individual from filing for bankruptcy protection when it has had a case dismissed within 180 days of the filing of its most recent filing. Section 109 (g) states:

> **(g)** Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> **(1)** the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
> **(2)** the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.
>
> 11 U.S.C. § 109.

6. As stated above, the Debtor's Chapter 13 case was dismissed less than 180 days prior to the filing of the immediate Chapter 11 case as a result of an unopposed Motion to Dismiss filed by the Standing Chapter 13 Trustee. As such her case must be dismissed pursuant to 11 U.S.C. § 109(g)(1).

7. Courts in this Circuit have expounded on the language of the statute's willfulness standard in analyzing the appropriateness of dismissal in such instances. "For Section 109(g)(1) to apply, a debtor's predecessor case must be dismissed for "willful" conduct. Although the term "willful" is not defined in the Code, courts have interpreted it to mean deliberate or intentional, rather than accidental or that which is beyond the debtor's control." In re Wen Hua Xu, 386 B.R. 451, 455 (Bankr. S.D.N.Y. 2008).

8. In In re Wen Hua Xu, the Court determined that debtors' failure to attend 341(a) meetings of creditors constituted willful conduct so as to satisfy the dismissal requirements of 11 U.S.C. § 109(g)(1) in their subsequent filing. *Id*.

9.     Similarly, in the Debtor's previous Chapter 13 case, a dismissal order was entered despite the appearance of Debtor's counsel at the hearing. This constitutes willful conduct in accordance with the Court's holding in In re Wen Hua Xu, especially in light of the fact that the underlying motion to dismiss in that case was filed on January 29, 2018 (*See* Docket #23) and adjourned numerous times until it was finally granted on November 19, 2018 (*See* Docket #85). Accordingly, the Debtor had nearly a year to file opposition or resolve the issues which prompted the Trustee to move to dismiss the case but willfully chose not to do so resulting in the dismissal of that case.

10.    The facts clearly demonstrate that the Debtor's Chapter 13 was dismissed because she did not oppose or deal with the underlying issues which were the basis for the Trustee's Motion to Dismiss despite having nearly ten (10) months to file an opposition or deal with the underlying issues. Accordingly, dismissal pursuant to 11 U.S.C. 109(g)(2) is appropriate.

11.    In the alternative, if the Debtor claims that the Debtor requested that the case be dismissed at the November 15, 2019 confirmation hearing, the present Chapter 11 should still be dismissed as Creditor filed a motion for relief from the automatic stay in the previous case prior to the case being dismissed.

12.    In view of the above the movant is entitled to the relief requested herein.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 23, 2019

/s/ Noah Bohbot
Name: Noah Bohbot
Title: President