**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X  CASE NO.:  19-42688-CEC
IN RE:

**Renee Maslikhov aka Renee Butler**
        Debtor.
---------------------------------------------------------X          CHAPTER 11

## ORDER AUTHORIZING RETENTION OF DAHIYA LAW OFFICES, LLC AS BANKRUPTCY COUNSEL TO THE DEBTOR

Upon the application (the "Application") of Renee Maslikhov, the debtor and debtor in possession (the "Debtor"), for authority pursuant to §327(a) of Title 11 of the United States Code (the "Code") to retain DAHIYA LAW OFFICES, LLC ("DLO") as bankruptcy counsel to the Debtor, and the affirmation of Karamvir Dahiya, principal of DLO dated May 16, 2019 (the "Dahiya Affirmation") and Supplemental Affidavit of Karamvir Dahiya dated May 28 2019 (the "Supplemental Affidavit") and it appearing that Karamvir Dahiya is an attorney duly admitted to practice in this Court, and the Court being satisfied that DLO represents no interest adverse to the Debtor or to the estate in the matters upon which DLO is to be engaged and that its employment is necessary and in the best interests of the estate, and it further appearing that and due and proper notice of the Application and its exhibits having been served by the Debtor upon the twenty (20) largest unsecured creditors in this case, the Office of the United States Trustee, and all parties who filed requests for notice, and no objection to the relief requested having been filed with the Court, it is

**ORDERED**, that pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014, the Debtor be, and it hereby is, authorized to retain DLO as bankruptcy counsel to represent the Debtor in the within case under chapter 11 of the Code, **nunc pro tunc** as at May 1, 2019 on the terms and conditions in the Application, the Dahiya Affirmation and the Supplemental Affidavit; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 327(a), DLO shall seek compensation for legal services and reimbursement of expenses upon the application to the Court, and upon notice and a hearing pursuant to 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2014 and E.D.N.Y.L.B.R.2014-1 and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that prior to any increases in DLO's rates, DLO shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

**NO OBJECTION:**
WILLIAM K. HARRINGTON
OFFICE OF THE UNITED STATES TRUSTEE, Region 2

By:   */s/Rachel Wolf*
        Rachel Wolf
        Trial Attorney

Dated: New York, New York
            May 29, 2019



**Dated: Brooklyn, New York**
**June 25, 2019**

_____
   **Carla E. Craig**
**United States Bankruptcy Judge**