**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X    CASE NO.**: 19-42688(CEC)**

IN RE:
    **RENEE** ~~BUTLER~~ **MASLIKHOV**
    **aka Renee Butler**

                         **Debtor.**             **CHAPTER 11**

-----------------------------------------------------X

ORDER AUTHORIZING DEBTOR'S RETENTION OF
**URBAN COMPASS INC. AS REAL ESTATE BROKER**

Upon the application, dated ~~July 9~~ *September 14 (CEC)*, 2019 (the "Application"), of Renee ~~Butler~~ *(CEC)* Maslikhov, the debtor and debtor-in-possession (the "Debtor"), by its counsel, Dahiya Law Offices, LLC for an Order, pursuant to §327(a) of title 11 of the United States Code pursuant to of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor's retention of Urban Compass Inc. ("Urban Compass") as its exclusive real estate broker to market and sell the Debtor's premises located at 328 Jefferson Avenue, Brooklyn, New York 11216 ("Property"); and upon the Affidavit of Martin Keaton, sworn to on July 9, 2019 (the "Keaton Affidavit") and the Court being satisfied that (i) the employment of Urban Compass is necessary and in the best interests of the estate, (ii) Urban Compass does not have or represent any interest adverse to the Debtor or the estate, and (iii) Urban Compass is a "disinterested person" as that term as defined in § 101 (14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S. C. § 157(b); and venue being proper before this Court pursuant to 28 U.S. C. § 148; and good and sufficient cause appearing for the relief sought by the Application; and after due deliberation thereon; it is

ORDERED, pursuant to §327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is hereby authorized to retain and employ Urban Compass

as its exclusive real estate broker for the sale of the Property upon the terms set forth in this order effective as of July 9, 2019; and it is further

ORDERED that Urban Compass shall be paid a commission in the amount of six percent (6%) of the gross proceeds of the sale of the Property, inclusive of expenses, payable from the sale proceeds by the Debtor; and it is further

ORDERED, in the event a co-broker sells the Property, Compass shall split the commission with the co-broker 3% to Urban Compass and 3 % to the co-broker; and it is further

ORDERED, that in the event the Debtor enters into a contract for sale of the Property with a purchaser and receives a contract deposit, Urban Compass and/or any co-broker shall not receive any portion of the contract deposit for any reason without prior Court approval; and it is further

ORDERED, that Urban Compass and/or any other than cooperating broker who finds the purchaser of the Property shall seek compensation upon application, notice and a hearing in accordance with the procedure set forth in §330 and §331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any orders issued by this Court; and it is further

ORDERED, that Urban Compass shall not share its compensation with any other individuals or entities, other than any cooperating broker who finds the purchaser of the Property, and those agents and/or employees who are or were employed by Urban Compass that are entitled to wages and/or commission from the sale of the Property; and it is further

ORDERED, that notwithstanding anything to the contrary contained herein, the United States Trustee shall retain the right to object to Urban Compass's fees, commissions and expenses payable pursuant to the Agreement based on the reasonableness standard provided for in §330 of the Bankruptcy Code. The Bankruptcy Court shall retain the right to review any application of Urban Compass for professional compensation and reimbursement of expenses pursuant to the reasonableness standard of §330 of the Bankruptcy Code; and it is further

ORDERED that the Court may retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED, that to the extent the Exclusive Right to Sell Agreement **_or the Application (CEC)_** is inconsistent with this Order, the terms of this Order shall govern.

**NO OBJECTION:**
**WILLIAM K. HARRINGTON**
**OFFICE OF THE UNITED STATES TRUSTEE, Region 2**

By:    _/s/Rachel Wolf_
         Rachel Wolf, Trial Attorney

Dated:  Brooklyn, New York
            September 14, 2019



**Dated: Brooklyn, New York**
**September 23, 2019**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**