**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
In re

Renee Maslikhov aka Renee Butler,

      Debtor.
--------------------------------------------------------x
Renee Maslikhov,

           Plaintiff,

     -against-

Sergei Maslikhov

          Defendant.
--------------------------------------------------------x

Chapter 11

Case No. 19-42688

Adv. Pro. No. 19−01083

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing on the annexed *Motion of Sergei Maslikhov For: (I) Entry of Order, Pursuant To Bankruptcy Code § 363(J) and New York Law, Determining Mr. Maslikhov and Debtor Are Each Entitled To One-Half of Surplus Proceeds of § 363(H) Sale of Property Located At 328 Jefferson Avenue, Brooklyn, New York and Directing Debtor To Distribute One-Half of Surplus Proceeds To Mr. Maslikhov; (II) Entry of Order, Pursuant To Bankruptcy Code § 363(E), Conditioning Any § 363(H) Sale of The Property On Debtor Adequately Protecting Mr. Maslikhov's Interests In Surplus Proceeds; (III) Reconsideration of Conformation of Debtor's Second Amended Plan of Reorganization To Extent Plan Violates Requirements of Bankruptcy Code § 363(J) and Impairs Mr. Maslikhov's Interests In Surplus Proceeds; and (IV) Entry of Confirmation Order Requiring Debtor Amend To Plan To Provide That One-Half of Surplus Proceeds Be Distributed To Mr. Maslikhov and All Unsecured Debts and Administrative Expenses of Debtor Be Paid Solely Out of Debtor's Share of Surplus Proceeds* (the "Motion") will take place before the Hon. Carla Craig, Chief

United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271 Cadman Plaza East, Brooklyn, NY 11201 (the "Bankruptcy Court") on **November 20, 2019 at 2:30 PM** (New York Time) or as soon thereafter as counsel may be heard.

          **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing and filed with the Clerk of the Bankruptcy Court, with copy delivered to (i) Hon. Carla Craig, Chief United States Bankruptcy Judge, U.S. Bankruptcy Court, EDNY, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East - Suite 1595, Brooklyn, NY 11201-1800; (ii) office of the United States Trustee, EDNY (Brooklyn office), U.S. Federal office Building, 201 Varick Street, Suite 1006, New York, NY 10014; and (iii) The Law offices of Jeremy S. Sussman, Attn: Jeremy Sussman Esq., 225 Broadway, Suite 3800, New York, New York 10007; in all cases so as to be received no later than **November 13, 2019 at 4:00 P.M.** (New York Time) (the "Objection Deadline).

          **PLEASE TAKE FURTHER NOTICE** that if no objections are filed by the Objection Deadline, the Court may enter an order approving the Motion without a hearing.

 Dated:  New York, NY
         October 29, 2019

                    THE LAW OFFICES OF JEREMY S. SUSSMAN
                    By: /s/ Jeremy S. Sussman
                    Jeremy S. Sussman
                    225 Broadway, Suite 3800
                    New York, NY 10007
                    (646) 322-8373

                    *Counsel for Sergei Maslikhov*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re

                                             Chapter 11

Renee Maslikhov aka Renee Butler,

                                             Case No. 19-42688

       Debtor.
---------------------------------------------------------x
Renee Maslikhov,

       Plaintiff,                          Adv. Pro. No. 19−01083

-against-

Sergei Maslikhov

       Defendant.
---------------------------------------------------------x

**MOTION OF SERGEI MASLIKHOV FOR: (I) ENTRY OF ORDER, PURSUANT TO
BANKRUPTCY CODE § 363(J) AND NEW YORK LAW, DETERMINING MR.
MASLIKHOV AND DEBTOR ARE EACH ENTITLED TO ONE-HALF OF SURPLUS
PROCEEDS OF § 363(H) SALE OF PROPERTY LOCATED AT 328 JEFFERSON
AVENUE, BROOKLYN, NEW YORK AND DIRECTING DEBTOR TO DISTRIBUTE
ONE-HALF OF SURPLUS PROCEEDS TO MR. MASLIKHOV; (II) ENTRY OF
ORDER, PURSUANT TO BANKRUPTCY CODE § 363(E), CONDITIONING ANY
§ 363(H) SALE OF THE PROPERTY ON DEBTOR ADEQUATELY PROTECTING MR.
MASLIKHOV'S INTERESTS IN SURPLUS PROCEEDS; (III) RECONSIDERATION
OF CONFORMATION OF DEBTOR'S SECOND AMENDED PLAN OF
REORGANIZATION TO EXTENT PLAN VIOLATES REQUIREMENTS OF
BANKRUPTCY CODE § 363(J) AND IMPAIRS MR. MASLIKHOV'S INTERESTS IN
SURPLUS PROCEEDS; AND (IV) ENTRY OF CONFIRMATION ORDER REQUIRING
DEBTOR AMEND TO PLAN TO PROVIDE THAT ONE-HALF OF  SURPLUS
PROCEEDS BE DISTRIBUTED TO MR. MASLIKHOV AND ALL UNSECURED
DEBTS AND ADMINISTRATIVE EXPENSES OF DEBTOR BE
PAID SOLELY OUT OF DEBTOR'S SHARE OF SURPLUS PROCEEDS**

        Sergei Maslikhov ("Mr. Maslikhov"), a party in interest in the above-captioned

chapter 11 case (the "Bankruptcy Case") of Renee Maslikhov (the "Debtor" and together with

Mr. Maslikhov, the "Spouses") and defendant in the above-captioned adversary proceeding (the

"Adversary Proceeding"), by and through his undersigned counsel, hereby respectfully moves

(this "Motion") for: (i) entry of an order, pursuant to Bankruptcy Code § 363(j) and New York

law, determining that Mr. Maslikhov and the Debtor are each entitled to one-half of the Surplus

Proceeds (as defined below) of any § 363(h) sale of the property located at 328 Jefferson

Avenue, Brooklyn, New York (the "Property") and directing the Debtor to distribute one-half of

the Surplus Proceeds to Mr. Maslikhov; (ii) entry of an order, pursuant to Bankruptcy Code §

363(e), conditioning any § 363(h) sale of the Property on the Debtor adequately protecting Mr.

Maslikhov's interests in the Surplus Proceeds; (iii) reconsideration of the Court's bench

conformation of the Debtor's *Second Amended Plan Of Reorganization* (the "Plan") to the extent

the Plan violates the requirements of Bankruptcy Code § 363(j) and impairs Mr. Maslikhov's

interests in the Surplus Proceeds; and (iv) entry of a confirmation order conditioned on the

Debtor (a) distributing one-half of the Surplus Proceeds to Mr. Maslikhov and paying the

Debtor's unsecured debts and administrative expenses solely out of the Debtor's share of the

Surplus Proceeds, or (b) in the alternative, the placing the entirety of the Surplus Proceeds in

escrow pending a determination by this Court or a New York court of the Spouses' respective

interests in the Surplus Proceeds, and not distributing any Surplus Proceeds to the Debtor's estate

or on account of the Debtor's unsecured debts and administrative expenses until such

determination is made by final order, and in support thereof, respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      The Debtor and Mr. Maslikhov own the Property as tenants-by-entirety. This

Court has entered an order authorizing the Debtor to sell the Property pursuant to Bankruptcy

Code § 363(h) and indicated from the bench that it will confirm the Plan which is premised on

that sale. The Parties anticipate that, after satisfying all liens on the Property and paying the costs

and expenses of the sale, there will be significant surplus proceeds available for distribution (the

"Surplus Proceeds"). By this Motion, Mr. Maslikhov is *not opposing* the Debtor's proposed

2

363(h) sale of the Property. He also is *not opposing* distribution of the sale proceeds to pay the allowed claims of secured creditors or the costs and expenses of the sale. Mr. Maslikhov does, however, *strongly oppose the entirely of the Surplus Proceeds being distributed to the Debtor's estate* and being used to pay her unsecured debts and the administrative expenses.

2.      Bankruptcy Code § 363(j) requires that, after a § 363(h) sale of the Property closes, the Surplus Proceeds must be distributed to Mr. Maslikhov and to the Debtor's estate *in accordance with their respective interests in the Property*. Mr. Maslikhov respectfully submits that, because his tenancy-by-entirety interests are being terminated by a sale ordered by this Court—and not by a decree of a divorce court—it is necessary and appropriate for this Court to determine his and the Debtor's respective interests in the Surplus Proceeds. Under New York law, where a tenancy-by-entirety is terminated by a sale (and not by a divorce settlement or decree), each Spouse is entitled one-half of the sale proceeds. Accordingly, under Bankruptcy Code § 363(j), the Debtor must distribute one-half of the Surplus Proceeds to Mr. Maslikhov.

3.      Notwithstanding the clear requirements of Bankruptcy Code § 363(j), the Debtor is proposing, under her Plan, to distribute *all of Surplus Proceeds to her own bankruptcy estate*, and to use the entirety of the Surplus Proceeds—including those in which Mr. Maslikhov holds interests—to pay her own unsecured debts and administrative expenses. On its face, the Plan clearly violates Bankruptcy Code § 363(j) and impairs Mr. Maslikhov's interests in the Property. It should not be confirmed as currently drafted.

4.      By this Motion, the Mr. Maslikhov respectfully request that the Court (i) determine that Mr. Maslikhov and the Debtor are each entitled to one-half of the Surplus Proceeds, (ii) direct the Debtor to distribute one-half of the Surplus Proceeds to Mr. Maslikhov. In the alternative, Mr. Maslikhov's respectfully requests that, to adequately protect Mr.

Maslikhov's interests in the Surplus Proceeds, the Court enter an order, pursuant to Bankruptcy Code § 363(e), directing that the entire Surplus Proceeds be held in escrow pending that determination by this Court or a New York court of the Mr. Maslikhov's and the Debtor's respective interests in the Surplus Proceeds.

5.      Mr. Maslikhov further respectfully request that the Court reconsider its bench confirmation of the Plan, and enter a confirmation order conditioned on the Debtor (a) distributing one-half of the Surplus Proceeds to Mr. Maslikhov and paying the Debtor's unsecured debts and administrative expenses solely out of the Debtor's share of the Surplus Proceeds, or (b) in the alternative, the placing the entirety of the Surplus Proceeds in escrow pending a determination by this Court or a New York court of the Spouses' respective interests in the Surplus Proceeds, and not distributing any Surplus Proceeds to the Debtor's estate or on account of the Debtor's unsecured debts and administrative expenses until such determination is made by final order.

6.      Counsel to Mr. Maslikhov has provided counsel to the Debtor with proposed changes to the form of confirmation order circulated by counsel to the Debtor. A copy of those proposed changes is attached hereto as <u>Exhibit A</u>. Mr. Maslikhov respectfully submits that, if accepted by the Debtor and the Court, those changes will resolve the issues raised in this Motion.

<u>**JURISDICTION AND BASES FOR RELIEF**</u>

7.      This Court has jurisdiction to consider this Application pursuant to 28U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The bases for the relief sought in this Motion are Bankruptcy Code §§105(a), 363(e), 363(j), and 1129.

## BACKGROUND

9.      The Debtor and Maslikhov are wife and husband and have owned the Property as tenants-by-entirety for more than thirteen (13) years. Attached hereto as <u>Exhibit B</u> is a true and correct copy of their deed to the property.

10.     On May 1, 2019 (the "Petition Date") the Debtor commenced this Bankruptcy Case. On June 18, 2019, the Debtor commenced the Adversary Proceeding, seeking authority to sell the Property pursuant to Bankruptcy Code § 363(h).

11.     On September 17, 2019, the Debtor filed a plan of reorganization premised on a Bankruptcy Code § 363(h) sale of the Property.

12.     On October 7, 2019, the Court entered an order authorizing the Debtor to sell the Property pursuant to Bankruptcy Code § 363(h).

13.     On October 16, 2019, the Court conducted a hearing on confirmation of the Debtor's Plan and indicated, from the bench, that it would confirm the Plan.

14.     Throughout these proceedings, Mr. Maslikhov was representing himself *pro se*.

15.     On October 22, 2019, Mr. Maslikhov retained the Law Offices of Jeremy S. Sussman to represent him in connection with the Bankruptcy Case.

16.     Upon reviewing the Plan, counsel to Mr. Maslikhov discovered that, notwithstanding the clear requirements of Bankruptcy Code § 363(j) and the fact that neither this Court nor the Divorce Court has determined how the Surplus Proceeds should be apportioned between the Spouses, the Debtor plans to distribute the entire Surplus Proceeds (including those belong to the Mr. Maslikhov) to the Debtor's estate, and to use those proceeds to pay the Debtor's unsecured debts and administrative expenses.

17.     After discussing the Plan with Mr. Maslikhov, counsel to Mr. Maslikhov

concluded that Mr. Maslikhov had little understanding of the Plan or the significance of the

confirmation hearing.

18.     On October 23, 2019, counsel to Mr. Maslikhov provided counsel to the Debtor

with proposed changes to the form of confirmation attached hereto as Exhibit A.

## RELIEF REQUESTED

**I.     Entry of Order, Pursuant to Bankruptcy Code § 363(j) and New York Law, (i) Determining that Mr. Maslikhov and the Debtor are Each Entitled to One-Half of the Surplus Proceeds of any § 363(h) Sale of the Property, and (ii) Directing Debtor to Distribute One-Half of Surplus Proceeds Sale Proceeds to Mr. Maslikhov**

19.     Pursuant to Bankruptcy Code § 363(h), a trustee "may sell both the estate's

interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property

in which the debtor had, at the time of the commencement of the case, an undivided interest as . .

. tenant by the entirety." 11 U.S.C. § 363(h). Pursuant to Bankruptcy Code § 363(j), after a sale

of property under § 363(h), the "trustee shall distribute to the debtor's spouse . . . and to the

estate, the proceeds of such sale, less the costs and expenses*, not including any compensation of*

*the trustee*, of such sale, according to the interests of such spouse . . . and of the estate.  11

U.S.C. § 363(j) (emphasis added). 11 U.S.C. § 363(j).  In a chapter 11 case, a debtor-in-

possession acts as trustee for its own estate.  Accordingly, where a chapter 11 debtor is

authorized to conduct a 363(h) sale of its property, it *must* distribute a portion of the net sale

proceeds to its non-debtor spouse (in accordance with such non-debtor's interests in the

property)—and may only distribute to its estate that portion of the sale proceeds which equals the

debtor's interests in the property.

20.     Here, the Debtor and Mr. Maslikhov own the Property as tenants-by-entirety, and

the Court has entered an order authorizing the Debtor to sell the Property pursuant to Bankruptcy

Code § 363(h).  The parties anticipate that, after satisfying all liens on the property and paying the costs and expenses of the sale, there will be significant Surplus Sale Proceeds available for distribution. Accordingly, to comply with the Bankruptcy Code's § 363(j) requirements for a § 363(h) sale, the Debtor must distribute to Mr. Maslikhov a portion of the Surplus Sale Proceeds equal to Mr. Maslikhov's interests in the Property.  Moreover, pursuant to Bankruptcy Code § 363(j), that Debtor can only distribute to her estate, and use to pay her unsecured debts and administrative expenses, that portion of the Surplus Proceeds that is equals the Debtor's interests in the Property.

21.    Mr. Maslikhov's and the Debtor's respective interests in the Property are determined by New York law because the Property is located in New York. *See Butner v. United States*, 440 U.S. 48 (1979). Under New York law, tenants by the entirety have the "right to the use of an undivided half of the property during the joint lives of a husband and wife and a survivorship right to the entire fee. Each tenant by the entirety is said to be seized of the whole estate." *Community Nat'l Bank and Trust Co. of New York v. Persky (In re Persky)*, 893 F.2d 15, 19 (2d Cir.1989).

22.    Under New York law, a tenancy-by-entirety can be terminated be a divorce settlement or decree, in which case the spouses' respective interests in the property are determined by such settlement or decree. Under New York law, a tenancy-by-entirety is also terminated by any sale of property, because New York does not recognize a tenancy-by-entirety in any class of assets other than real property.

23.    Under New York law, when a tenancy-by-entirety is terminated by a sale, husband and wife are each entitled to one-half of the sale proceeds, even if one spouse contributed the entire purchase price. "[B]ecause their respective interests are the same and equal

7

during their joint lives as husband and wife, each is entitled to an equal share in the consideration given for the deed and entitled to one-half of the proceeds of the sale of the real property. *See Secrist v. Secrist*, 284 A.D. 331, 334, 132 N.Y.S.2d 412, 415 (N.Y.App. Div. 4th Dep't 1954), aff'd, *588 308 N.Y. 750, 125 N.E.2d 107 (N.Y.1955) (holding that wife was entitled to one-half of the proceeds of sale even though the husband contributed the entire purchase amount). *See also Popky v. United* States, 419 F.3d 242, 243 (3d Cir. 2005) (holding each spouse entitled to 50% of proceeds of sale of property held by tenancy by entirety); *In Re Levinson*, 372 B.R. 582 (Bankr. E.D.N.Y. 2007) (holding debtor and non-debtor spouse each have 50% interest in property held as tenancy-by-entirety); *In re Ignasiak*, 22 B.R. 828 (Bankr. E.D. Mich. 1982); *In re Blair*, 151 B.R. 849 (S.D. Ohio 1992).

24.     Here, the Spouses' tenancy-by-entirety is being terminated by the 363(h) sale, and not by a divorce settlement or decree.  Accordingly, under New York law, the Spouses respective interest in the Surplus Proceeds should be determined by their interests in the Property immediately prior to the sale (and not by any future divorce settlement or decree). Under New York law, because the Spouses hold that Property as tenants-by-entirety, Mr. Maslikhov and the Debtor should be entitled to one-half of the Surplus Proceed upon any sale of the Property. Accordingly, Mr. Maslikhov respectfully requests that the Court enter and order (i) determining that Mr. Maslikhov and the Debtor are each entitle to one-half of the Sale Proceeds, and (ii) directing the Debtor to distribute one-half of the Surplus Sale Proceeds to Mr. Maslikhov immediately following the close of the sale.

## II.     Entry of an Order, Pursuant to Bankruptcy Code § 363(E), Conditioning Any § 363(H) Sale of the Property on the Debtor Adequately Protecting Mr. Maslikhov's Interests in the Surplus Proceeds

25.     Bankruptcy Code § 363(e) provides that "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or

leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a

hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate

protection of such interest." 11 U.S.C. § 363(e). Here, it is undisputed that Mr. Maslikhov holds

a tenancy-by-entirety interest in the Property. Mr. Maslikhov hereby respectfully requests that

any section 363(h) sale of the Property be conditions on his interests in the Property and resulting

Surplus Proceeds being adequately protected.

26.      Notwithstanding Mr. Maslikhov's interests in the Property and the Surplus

Proceeds, and the requirements of Bankruptcy Code § 363(j), the Debtor is proposing under the

Plan to distribute the entire Surplus Proceeds to the Debtor's estate, and to use the Surplus

Proceeds to pay the Debtor's individual unsecured debts and administrative expenses. The

Debtor is further proposes that after the Debtor's unsecured debts and administrative expenses

have been paid by the entirety of the Surplus Proceeds, any remaining funds be held by the

Debtor's attorney pending a determination by this Court or the Divorce Court of how such

remaining funds should be distributed.  This scheme puts the cart before the horse, and clearly

impairs Mr. Maslikhov interests in the Surplus Proceeds because it would use the Surplus

Proceeds to pay the Debtor's debts before there has been a determination by the this Court or the

Divorce Court as to whether the Surplus Proceeds are property of the Debtor's estate, and to

what extent.

27.      Mr. Maslikhov's respectfully requests that, to adequately protect his interests in

the Surplus Proceeds, the Court enter an order, pursuant to Bankruptcy Code § 363(e), directing

that the entire Surplus Proceeds be held in escrow pending entry of a final order determining the

Spouses' respective interests in the Surplus Proceeds by this Court or a New York court, and

prohibiting the Debtor from distributing or using the Surplus Proceeds until such final order is entered.

III.    **Reconsideration of the Court's Conformation of the Debtor's Second Amended Plan of Reorganization to the Extent the Plan Violates the Requirements of Bankruptcy Code § 363(j) and Impairs Mr. Maslikhov's Interests in the Surplus Proceeds**

28.    Under Bankruptcy Code § 1129(a)(1), a plan of reorganization cannot be confirmed if it fails to comply with all provisions of the Bankruptcy Code. Under Bankruptcy Code § 1129(a)(8), a plan of reorganization cannot be confirmed with respect to a class of interest unless such class has accepted the plan or is not impaired by the plan. Here, the Plan violates Bankruptcy Code § 363(j), and thus cannot be confirmed under Bankruptcy Code § 1129(a)(1), because it fails to provide for distribution of the Surplus Proceeds to Mr. Maslikhov on account of his interests.  The Plan also cannot be confirmed under Bankruptcy Code § 1129(a)(8) to the extent it proposes to distribute the entirety of the Surplus Proceeds to the Debtor's estate to pay her unsecured debts and administrative expenses, because such distribution and payments would impair Mr. Maslikhov's interests in the Surplus Proceeds, and Mr. Mr. Maslikhov has not accepted the plans. Accordingly, Mr. Maslikhov respectfully requests that the Court reconsider confirmation of the Plan, and condition any order confirming the Plan on the Debtor amended the Plan to comply with the requirements of Bankruptcy Code §§ 363(j) and 1129(a)(8).

IV.    **Entry of a confirmation order requiring the Debtor to amend the Plan to provide that one-half of the Surplus Proceeds will be distributed to Mr. Maslikhov and that all unsecured debts and administrative expenses of the Debtor will be paid out of the Debtor's share of the Surplus Proceeds**

29.    Mr. Maslikhov does not oppose confirmation of a plan premised on a § 363(h) sale of the Property. Specifically, he does not oppose a near-term sale of the Property and distribution of the sale proceeds to pay Class 1, Class 2 and Class 3 Secured Claim and the costs

and expenses of the sale—provided that the Plan provides for the distribution to him of his share of the Surplus Proceeds as required by Bankruptcy Code § 363(j). Mr. Maslikhov respectfully requests that any order confirming the Plan provide that confirmation is contingent on the Debtor (i) distributing one-half of the Surplus Proceeds to Mr. Maslikhov, and (ii) paying the Debtor's unsecured debts and administrative expenses solely out of the Debtor's share of the Surplus Proceeds. In the alternative, Mr. Maslikhov respectfully requests that any order confirming the Plan provide that confirmation is contingent on the Debtor (a) placing the entirety of the Surplus Proceeds in escrow with counsel to the Debtor and counsel to Mr. Maslikhov pending a final determination by this Court or a New York court of the Spouses' respective interests in the Surplus Proceeds, and (b) not distributing any Surplus Proceeds to the Debtor's estate or on account of the Debtor's unsecured debts and administrative expenses until such determination is made by final order.

## NOTICE

30.    Notice of the Motion shall be provided to (i) the Debtor, (ii) the United States Trustee, and (iii) parties who have filed notices of appearance in the Bankruptcy Case. Movant respectfully submits that such notice is reasonable under the circumstance, and no further notice is required.

## NO PRIOR REQUEST

31.    No prior request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, Mr. Maslikhov respectfully requests that the Court (i) enter of an order, pursuant to Bankruptcy Code § 363(j) and New York law, determining that Mr. Maslikhov and the Debtor are each entitled to one-half of the Surplus Proceeds of any § 363(h) sale of the

Property and directing the Debtor to distribute one-half of the Surplus Proceeds to Mr.

Maslikhov; (ii) enter an order, pursuant to Bankruptcy Code § 363(e), providing Mr. Maslikhov

with adequate protection for his interests in the Surplus Proceeds; (iii) reconsider conformation

of the Plan to the extent the Plan violates the requirements of Bankruptcy Code § 363(j) and

impairs Mr. Maslikhov's interests in the Surplus Proceeds; and (iv) enter an order conditioning

confirmation on (a) the Debtor distributing one-half of the Surplus Proceeds to Mr. Maslikhov

and paying the Debtor's unsecured debts and administrative expenses solely out of the Debtor's

share of the Surplus Proceeds, or (b) in the alternative, the Debtor placing the entirety of the

Surplus Proceeds in escrow with counsel to the Debtor and counsel Mr. Maslikhov pending a

determination by this Court or a New York court of the Spouses' respective interests in the

Surplus Proceeds, and not distributing any Surplus Proceeds to the Debtor's estate or on account

of the Debtor's unsecured debts and administrative expenses until such determination is made by

final order; and (v) granting Mr. Maslikhov such other relief as is just.

Dated:   New York, NY
         October 24, 2019

THE LAW OFFICE OF JEREMY S. SUSSMAN

By: /s/ Jeremy S. Sussman
    Jeremy S. Sussman
    225 Broadway, 38th Floor
    New York, NY 10007

*Counsel to Sergei Maslikhov*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
                               :

In re                          :
                               :

**RENEE MASLIKHOV**        :       Chapter 11
                               :

**aka RENEE BUTLER**      :     Case No. 19-42688 (CEC)
                             :

             Debtor.        :
--------------------------------------------------------X

        Ms. Renee Maslikhov aka Renee Butler (the "Debtor"), having filed its First

Amended Plan of *Reorganization* dated September 25, 2019,  the above-captioned

chapter 11 case *[ECF No. 51]* and same being amended subsequently and filed as

Second Amended Plan (the "Plan") [ECF 63];  and due notice having been given

under the  circumstances; and a combined hearing on the approval of the Disclosure

Statement and confirmation of the Plan having been held on October 16, 2019, at

which appeared Karamvir Dahiya (counsel to Debtor), Ms. ~~Marymartin Lou~~

~~Marylou Martin~~ (U.S. Trustee), Denrick Cooper (Proposed Real Estate Counsel)

Brian G. Hannon,  (counsel to Standard Oil Credit Holding Corp), _____

(Counsel for Nationstar Mortgage LLC DBA Mr. Cooper as servicer for Federal

National Mortgage Association), ~~Renee Maslikhov~~ ~~(and the~~ Debtor~~)~~ (the

"Hearing"); and the ~~Court having found: (a) that the transfer of the Debtor's~~

~~real~~Debtor and her husband Sergei Maslikhov ("Mr. Maslikhov" and together with

the Debtor, the Spouse") holding title to the property located at 328 Jefferson

Avenue, Brooklyn New York  (the "Real Property") as tenants by the entirety; and

the Debtor having commenced an adversary proceeding against Mr. Maslikhov

seeking authority to sell the Property pursuant to Bankruptcy Code section 363(h);

1

and the Bankruptcy Court having entered an order authorizing the Debtor to sell the Property pursuant to section 363(h); and the Debtor having proposed in the Plan to sell the Real Property to Adrian Bartos for the purchase price of $1,850,000.00; and the Court having found: (a) that the transfer of the Real Property under the Plan (the "Sale Transaction") is an arms-length transaction, ~~noncollusive~~non-collusive, fair and reasonable, and conducted openly and in good faith in accordance , and  is in the best interests of the Debtor, the estate and creditors, (b) that Adrian Bartos, as the purported transferee of the Property, is a good faith purchaser within the meaning of the Bankruptcy Code § 363(m) —and, as such, is entitled to the full protection of Bankruptcy Code §b 363(m) or similar provisions of law, (c) that the sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code § 363(n), and (d) that the requirements for confirmation of the Plan set forth in 11 U.S.C. 1129(a) have been satisfied at the Hearing; and upon the record of the Hearing and the proceedings had herein

which is incorporated herein by reference; and after due deliberation;

it is hereby

**ORDERED**, that pursuant to section 1129 of the Bankruptcy Code, the Plan, as amended by this Confirmation Order, be, and it hereby is, confirmed; and it is further

**ORDERED** for expeditious closing on the Sale Transaction, this Order Confirming the Plan is not stayed and is effective; and it is further

**ORDERED**, that the Chapter 11 Plan Effective Date for this case is 30 days commencing from the entry of this Order; and it is further

**ORDERED,** that Law Offices of Denrick Cooper  shall be the "Disbursing Agent" [Art. 1, ¶ 1.19 of the Second Amended Plan] pursuant to the Plan provisions  and shall act in such capacity in order to effectuate the payment of distributions under this Plan, upon the proper application and orders from the Court and shall  and shall file a disbursement report with this  Court upon making such distributions; and it is further

**ORDERED**, that ~~Law Offices of Denrick Cooper shall represent the Debtor for the sole purpose of Sale Transaction for a fixed remuneration of $4000;~~

~~**ORDERED**, that~~ in furtherance of the Plan, pursuant Bankruptcy Code § 363(h), the Debtor is authorized and directed to sell, transfer and convey the Property to the Purchaser as set forth herein pursuant to the Sale Transaction ~~free and clear of all liens, encumbrances and interests, with all such liens claims and encumbrances  and interests to attach to the proceeds of sale,~~ for the purchase price of $1,850,000 (with customary adjustments as circumstances may require~~)~~; the "Gross Sale Proceeds"); and it is further

**ORDERED**, that Law Offices of Denrick Cooper shall represent the Debtor as attorney for the sole purpose of Sale Transaction for a fixed remuneration of $4000 (the "Legal Fee");

ORDERED, that [NAME OF BROKER] shall represent the Debtor as real estate broker for the sole purpose of Sale Transaction for a commission equal to [X]% of the Net Sale Proceeds, in the amount of approximately [$_____] (the "Broker Commission");

ORDERED, that the Purchaser is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provision of law; and it is further

ORDERED, that at the closing of the transfer of the Property, the Debtor be, and it hereby is, authorized and directed to execute and deliver such documents (collectively, the "Closing Documents") as may be necessary for the Debtor to close the sale of the Property to the Purchaser as set forth in the Plan; and it is further

ORDERED, that– pursuant to  §§1123(a)(5)(D), 1141(c) and 363(f) of the Bankruptcy Code, upon the Closing, the Property (and good and marketable title to the Property) and all of the Debtor's rights, title and interest therein shall be transferred to the Purchaser pursuant to the Sale Transaction free and clear of all Liens, with all such Liens to attach to the net cash proceeds of the Sale Transaction proceeds of sale  in the order of their priority, with the same validity, force and effect which they now have as against the Property, subject to any claims and defenses, setoffs or rights of recoupment the Debtor may possess with respect thereto; and it is further

ORDERED, that at the closing of the transfer of the Property, the Debtor be, and it hereby is, authorized and directed make the following disbursements from the proceeds of the Gross Sale Transaction, theProceeds: (i) payment in full of the

allowed secured ~~creditors (~~claims of Class One, Class Two and Class Three of the Creditors~~) would be paid from the net proceeds~~, with Class Two (Standard Oil Credit Corp) to be paid the amount as reflected in the filed Proof of Claim including any interest accruing thereafter until the payment date; ~~it is further~~ (ii) payment in full of the Legal Fee; (iii) payment in full of the Broker Commission; and (iv) payment in full of all other usually and customary closing expenses paid by the seller of real property (collectively, the "Closing Payments, Costs, and Expenses"). The Gross Sale Proceeds remaining after disbursement of all Closing Payments, Costs and Expenses shall be hereinafter referred to as the "Surplus Proceeds".

[ALTERNATIVE 1] [ORDERED, that at the closing of the transfer of the Property, pursuant to Bankruptcy Code § 363(j), the Debtor be, and it hereby is, authorized and directed to disburse the Surplus Proceeds as follows: (i) one-half of the Surplus Proceeds to the Debtor for the benefit of her estate and creditors (the "Debtor's Surplus Proceeds"); and (ii) one-half of the Surplus Proceeds to the Sergei Maslikhov ("Mr. Maslikhov's Surplus Proceeds").]

[ALTERNATIVE 2] [ORDERED, that at the closing of the transfer of the Property, pursuant to Bankruptcy Code § 363(e), the Debtor be, and it hereby is, authorized and directed to disburse (i) one-half of the Surplus Proceeds to counsel to the Debtor, and (ii) one-half of the Surplus Proceeds to counsel the Sergei Maslikhov. The Surplus Proceeds shall be held in escrow by the Spouses' respective counsel in IOLTA accounts until such time at the Bankruptcy Court or a New York court determines, by final order, the amounts of the Debtor's interests in the Surplus Proceeds (the "Debtor's Surplus Proceeds") and Sergei Maslikhov'

interests in the Surplus Proceeds ("Mr. Maslikhov's Surplus Proceeds"). Following such final determination by the Bankruptcy Court or a New York court, pursuant to Bankruptcy Code § 363(j), the Debtor's Surplus Proceeds shall be distributed to the Debtor for the benefit of her estate and creditors, and Mr. Maslikhov's Surplus Proceeds shall be disbursed to Mr. Maslikhov.]

ORDERED, that, notwithstanding anything to the contrary in the Plan, all distributions on account of allowed Administrative Claims, Administrative Professional Fee Claims, Priority Tax Claims, United States Trustee's Fees, Class 4 General Unsecured Claims, and Class 6 Interests of the Debtor shall be made from the Debtor's Surplus Proceeds; for the avoidance of doubt, no such distributions shall be made on account of such claims from the Mr. Maslikhov's Surplus Proceeds.

ORDERED, that Law Offices of Denrick Cooper shall hold the Debtor's Surplus Proceeds remaining net proceeds after payment [after resolutions of any objections] of allof all allowed claims (including Administrative Expense Claims) of creditors having dully timely filed their Proofs of Claims, until further orders from this Court; it is further

ORDERED, thatORDERED, that Sergei Maslikhov and his counsel shall be provided with at least five (5) business days prior notice of the time and location of the closing of the Sales Transaction, and shall be permitted to attend and participate in the closing, including signing such documents as are necessary to transfer title to the Property. To the extent Sergei Maslikhov fails after such notice to attend the closing, or unreasonably refuses to sign the documents at the closing,

provided that the closing is conducted in accordance with this order the Debtor be, and hereby is, authorized and directed to execute, in the name of any necessary party including that of the co-owner, Sergei Maslikhov to effectuate completion of the Sales Transaction and to deliver and execute the Deed delivery regarding the Real Property as adjudicated in the Adversary Proceeding, No. 19-01083; and it is further

ORDERED, that the Debtor be, and hereby is, authorized and directed to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any lien, claim or encumbrance not expressly preserved in the Plan and this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

ORDERED, that the Office of the New York City Register is hereby authorized and directed to record the deed and all other documents as so executed; and it is further

ORDERED, that, pursuant to Bankruptcy Code § 1146, the delivery of the deed to be issued to the Purchaser pursuant to the Plan shall be made in implementation of the Plan, and qualify for the transfer tax exemption under section 1146(a) of the Bankruptcy Code, such that the filing of said deed shall not be subject to payment of any local, county or State (TP 584) transfer tax, a stamp tax or similar tax; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate,

implement and consummate the transactions contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any lien, claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that the Debtor shall file, within 45 days after the date of entry of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Debtor shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that a post-confirmation status conference shall be held in this case on December _____, 2019, at _____ p.m.; and it is further

ORDERED, that the Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order and to hear and to determine all controversies, suits, disputes and or tax issues if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that notwithstanding anything in the Disclosure Statement or in any order approving the Disclosure Statement, or in the Plan or in the Confirmation this Order approving the Plan, no exculpation, waiver, release or

injunction shall apply to or impair in any way any claims or rights that the Debtor and Sergei Maslikhov might have against each other; and it is further

ORDERED, that notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be effective immediately and enforceable upon its entry.

_____
**Carla E. Craig**
**United States Bankruptcy Judge**

**Exhibit B**



2006092601112001001EF0BF

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |
|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. |

## RECORDING AND ENDORSEMENT COVER PAGE                    PAGE 1 OF 6

**Document ID: 2006092601112001**        Document Date: 09-11-2006        Preparation Date: 09-26-2006
Document Type: DEED
Document Page Count: 4

| PRESENTER: | RETURN TO: |
|---|---|
| TITLES OF NEW YORK, INC. | TITLES OF NEW YORK, INC. |
| 555 MADISON AVENUE | 555 MADISON AVENUE |
| NEW YORK, NY  10022 | NEW YORK, NY  10022 |
| 212-486-0070 | 212-486-0070 |
| esen@titlesofnewyork.com | butler/maslikhov |

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1834 | 28 | Entire Lot | 328 JEFFERSON AVENUE |

**Property Type:** DWELLING ONLY - 1 FAMILY

## CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year____ Reel___ Page____ *or* File Number_____

## PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| RENEE BUTLER | RENEE BUTLER |
| 328 JEFFERSON AVENUE | 328 JEFFERSON AVENUE |
| BROOKLYN, NY  11216 | BROOKLYN, NY  11216 |

x   Additional Parties Listed on Continuation Page

## FEES AND TAXES

| Mortgage | | | |
|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | |
| Taxable Mortgage Amount: | $ | 0.00 | |
| Exemption: | | | |
| TAXES:  County (Basic): | $ | 0.00 | |
| City (Additional): | $ | 0.00 | |
| Spec (Additional): | $ | 0.00 | |
| TASF: | $ | 0.00 | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |

Recording Fee: $          57.00
Affidavit Fee: $          0.00
NYC Real Property Transfer Tax Filing Fee:
$          75.00
NYS Real Estate Transfer Tax:
$          0.00

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed          10-04-2006 11:18
City Register File No.(CRFN):
          **2006000556698**

*Annette M. Hill*

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|

2006092601112001001CF23F

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)    PAGE 2 OF 6**

| Document ID: 2006092601112001 | Document Date: 09-11-2006 | Preparation Date: 09-26-2006 |
|---|---|---|

Document Type: DEED

**PARTIES**
**GRANTEE/BUYER:**
SERGEI MASLIKHOV
328 JEFFERSON AVENUE
BROOKLYN, NY 11216

### Bargain & Sale Deed with Covenant against Grantor's Acts

**THIS INDENTURE**, made on the || day of September, 2006

BETWEEN

### RENEE BUTLER

residing at:          328 Jefferson Avenue
                      Brooklyn, NY 11216

party of the first part, and

### RENEE BUTLER AND SERGEI MASLIKHOV, as tenants-by-entirety

residing at:          328 Jefferson Avenue
                      Brooklyn, NY 11216

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of $ 10.00 (Ten Dollars) and other valuable consideration paid by the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being the property described in **SCHEDULE A ANNEXED HERETO,** which property was acquired by the party of the first part from Keith Arthur by confirmatory deed dated 3/30/01 and recorded 5/14/01 in Reel 5155, Page 2372.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

In Presence of:

_____
Renee Butler

**Schedule A Description**

Title Number **TNY10231K-06**                                               Page    **1**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn and County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of Jefferson Avenue, distant 183 feet Westerly from the former formed by the intersection of the Southerly side of Jefferson Avenue with the Westerly side of Tompkins Avenue;

RUNNING THENCE Southerly parallel with Tompkins Avenue and part of the distance through a party wall 100 feet;

THENCE Westerly Parallel with Jefferson Avenue, 18 feet;

THENCE Northerly parallel with Tompkins Avenue and part of the distance through a party wall 100 feet to the Southerly side of Jefferson Avenue;

THENCE Easterly along the Southerly side of Jefferson Avenue, 18 feet to the point or place of BEGINNING.

STATE OF NEW YORK }
*KINGS*            }  ss:
COUNTY OF ~~NEW YORK~~ }

On the 11th day of September in the year 2006, before me, Renee Butler the undersigned, personally appeared personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of New York.



ERICA RICH
Notary Public, State of New York
No. 01RI...
Commission in Kings County
Commission Expires 07/27/2007

_____
Notary Public

STATE OF NEW YORK }
*KINGS*            }  ss:
COUNTY OF ~~NEW YORK~~ }

On the 11th day of September in the year 2006, before me, Sergei Maslikhov, the undersigned, personally appeared personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of New York.

ERICA RICH
Notary Public, State of New York
No. 01RI...
Commission in Kings County
Commission Expires 07/27/2007

_____
Notary Public

WITH COVENANT AGAINST GRANTOR'S ACTS

**RENEE BUTLER,**

Grantor,

TO

**RENEE BUTLER AND SERGEI MASLIKHOV,**

Grantee.

SECTION:
BLOCK:     1834
LOT:       28
COUNTY:    KINGS

RETURN BY MAIL TO:

RHEEM & BELL, LLP
302 FIFTH AVENUE, 8TH FLOOR
NEW YORK, NY 10001