# United States Bankruptcy Court

| | |
|---|---|
| Eastern District of New York | ) Related Dkt. No. 129<br>) Hearing Date and Time: June 3, 2020 at 2:00PM<br>) Objection Deadline: April 24, 2020 by 5:00 pm |
| In re | ) |
| Renee Maslikhov; Renee Butler | ) |
| Debtor | ) |
| | Case No. 1-19-42688-cec |

Address. 722 North Street
Fayetteville, NC 28301
(718) 207-2098

Chapter 11

Social Security Number: 2289

Email: rmaslikhov@mac.com

Renee Maslkhov ("Debtor"), respectfully submits this response to the application of Dahiya Law Offices, LLC ("Dahiya") for allowance of fees and reimbursements of expenses for services rendered during the period when Mr. Dahiya was counsel to the Debtor (the "Application") (Dkt. No. 129), and sets forth as follows:

1.      Debtor was referred to Dahiya Law Offices ("Dahiya") for legal services to file Chapter 11 by Mr. Denrick Cooper, Esq ("Cooper") when Debtor's husband, Sergei Maslikhov, would not cooperate with the sale of the property purchased by Debtor before marriage. It was explained by Mr. Cooper that Debtor could move forward with the sale without Debtor's husband's approval by filing Chapter 11, giving the Bankruptcy Court control of the sale.

2.      When Debtor met with Mr. Dahiya on May 1, 2019, Debtor briefed Mr. Dahiya on the status of the sale of Debtor's primary residence and stressed the urgency of filing by May 2, 2020 to circumvent the foreclosure proceedings brought forth by Standard Oil. During this

conversation, Debtor inquired about Mr. Dahiya's fees and stated that Debtor could not afford an expensive case because Debtor was in the middle of a contested divorce and did not know how much Debtor's husband would be awarded in the divorce case. Mr. Dahiya responded, "Don't worry about that now. I must focus on submitting the motion to stop the foreclosure. Debtor signed a retainer that day, however, Mr. Dahiya's fees were not listed on the agreement at that time and Mr. Dahiya did not provide Debtor with a copy of the retainer. Debtor did not received a copy of the retainer until March 2, 2020, the same day Mr. Dahiya submitted it to the Court.

3.  Debtor is a Sole Proprietor with a total of 10 creditors and a single asset. None of the secured or unsecured debt was ever contested by Debtor. Upon research, the average cost of a Chapter 11 case for a Small Business is $10,000 -$25,000. Debtor's only benchmark for attorney representation was based on clear communication on costs and fees and regular written updates by Debtor's divorce attorney.

Much of this case was responding to, in the words of Mr. Dahiya, "baseless and meritless" claims from Debtor's husband, Sergei Maslikhov. While multiple motions were filed by Mr. Maslikhov, and hearings were scheduled to address those motions, none of them required significant research in case law. The arguments proposed by Debtor's husband were not relevant in the Bankruptcy court, but instead, relevant in Divorce court, where there was an active case pending, waiting for the sale of the property.

4.  During the course of this case, Debtor asked Dahiya for updates on costs. This can be verified by Cooper. Each time Mr. Cooper inquired to Debtor about Mr. Dahiya's fees, Debtor would ask for a current invoice from Mr. Dahiya. Each time Debtor requested an update on costs, no update was provided by Mr. Dahiya. Dahiya finally explained to debtor that he intended to sue Debtor's husband, Sergei Maslikhov, for the cost of representation during this case, and for the Debtor not to worry. This is the only conversation Mr. Dahiya had with Debtor regarding his fees during the entire case.

5.  It wasn't until the Court asked Mr. Dahiya for his fee that Debtor became aware of a fee of $100,000. Debtor thought it was inappropriate to object at that time because both attorneys, Mr. Dahiya and Mr. Cooper, instructed Debtor not to say anything unless directly addressed by the Court.

Immediately after the hearing, Debtor did questioned Mr. Dahiya about the reference to his fees during the hearing to which Mr. Dahiya responded, "I will accepted whatever the Judge deems fair; I don't care." Debtor immediately took issue with this as a vague answer and again requested a detailed analysis on his fees. Mr. Dahiya again did not provide Debtor with an update on costs and fees or written bills of any kind.

6.  In conclusion, Debtor was uninformed of Mr. Dahiya's fees throughout this case because he failed to disclose them in a timely manner or with any detail. Debtor was given no opportunity to access, renegotiate or find new counsel as an alternative if the costs and fees were not agreeable. The costs and fees were not agreeable. Debtor would not have agreed to costs and fees as submitted. Debtor would have sought other, more reasonable counsel.